All rise. The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Would you see it? We have five cases on the calendar this morning. A great case involving the Poverty Relief Act, a patent case which is really an enigmatic case, three government employee cases, two of which have been submitted on the briefs and will not be argued, and the third one is the first one we have, Upshaw v. Department of Homeland Security 2008-31-49, Mr. Fisher. Good morning, your honors. My name is Morris C. Fisher and I am the attorney for the petitioner Gary W. Upshaw in this case. Your honors, I think the case boils down to the Richardson case, which this court has heard, and the case in Richardson basically gives a history of these kinds of cases. It emphasizes the discretion of the agency. How do you get past that discretion? What the Richardson case says is a couple of things. It says that while there is discretion, it's based on all the facts and circumstances in the case. And that the standard is that what has to happen here is that the reasons have to be clearly disclosed and adequately sustained. One very important distinction with an indictment, the reasons are pretty clear. The question is how do they abuse their discretion? If you have an indictment, a law enforcement officer is presumed to always obey the law. The indictment itself gives justification for the suspension. And then they have the discretion on the back page. Because, your honors, in the Richardson case notes that the case that it relies on, the McEwitt case, is that in that case there was no administrative determination as to whether there was any misconduct. This is a distinction. The court in Richardson says this. There's a government who wants to argue that any time a person's indicted and there's a potential for jail time, the person never gets the back pay. And the petitioner in that case wanted to argue that he always gets it if he's acquitted. So we have a case of disruption where he's acquitted. So the court says, well, what do we use? How do we know whether the case is something that was not arbitrary, not capricious, and that the court considered all the facts and circumstances? And the court points to the fact that is there an administrative determination? Is there a separate administrative determination in the cases? And this is also another case that they cite. And we've read a ton of cases. The case says the same thing. The case says over there that basically in this case there was a, quote, tender disposition of a criminal charge and for determination whether sufficient evidence existed to support an administrative action against him. And what the government did in those cases is they said, listen, whether you're convicted of this or not, you as a government employee are held to a higher standard. And we have to see, was there misconduct? The conviction requires a high standard of proof. So even though he wasn't convicted, there was a basis for concluding that he did these acts. So within his discretion, the agency can suspend him and not award back pay. And that basis and that determination found, Your Honor, that it was worthy of a 60-day suspension. And it had a 60-day back pay. There was never a finding that said, based on this, we're going to go back for four years. We don't get any back pay. I think that's the fact that the judge did not do that. And the case demonstrates to us that that was not a reasonable thing to do. And the case could have been handled very differently by the government. The case could have said in the initial charge that the higher standard existed, you missed it, and you did misconduct. And because of that, you don't get back pay. And they did not do that. So to what extent was the 60-day suspension based on the grand jury tampering as opposed to the indictable offense? I think that because the opinion of the administrative judge was so capricious and it's hard to say. It's hard to say what is one of the issues. He says, for example, as to the question of back pay, the arbitrator dedicates three sentences to the issue. One says, he restates the standard. The determination of whether to award back pay is discretionary. Then he states that the agency considered the evidence without any reference. And then he says that there's insufficient evidence of a violation of arbitrary infringement standards. He never does any real analysis of what is it that warranted the 60-day suspension denial of back pay. And most certainly, he doesn't address why it goes back all the way to four years when he doesn't get any back pay. I think this case, this Upshaw case right here before your honors today, is a perfect case for the court to have a holding in line with Richardson to demonstrate what has to be done in future cases for these types of cases. And what would you recommend us to say? How would we reason that the agency abused its discretion? The agency abused its discretion because the only thing it considered in denying the back pay for four years, the only thing was that there was an indictment that could lead to jail time. And there was no case on point which says that the indictment was based on certain facts. Is that correct? So it's not just the indictment. The underlying facts for which there was an acquittal. There was a criminal acquittal. That's right. There was a criminal acquittal. Based on a higher standard. But that doesn't mean that the facts didn't occur. The agency felt that the facts did. Well, the administrative, that's true, your honor. However, the arbitrator in the case didn't consider most of the evidence in the act that went against him. Well, on what basis do you say that? The evidence was before the arbitrator, and the arbitrator certainly had every reason to consider it and mention that the evidence was evaluated and was sufficient to make that determination. Because, your honor, the testimony consisted of Mr. Upshaw and his wife. I'm referring to the charge of the wife captain. And there was no live person who testified at that administrative hearing against him. I'm not sure. What the arbitrator did is he read a couple, he read selective trial transcripts. He left out five others that said that Mr. Upshaw had warned the people that basically this was going to happen. So he tried to uphold the law in the best he could. And the arbitrator, in this case, it's not a credibility issue case where the arbitrator says, I weighed all the evidence and I came to a credibility determination. I believe certain people and certain people I didn't. But it's not a case where he ignored that evidence. He considered that evidence and found, based on the standard that he felt applicable, there was sufficient evidence to support the conclusion he reached. He says, in his opinion, he says that he relied on the evidence which is not in conflict. And he doesn't say why. He didn't ask a single question. He didn't hear any demeanor and nothing of anyone who had testified on this issue. He does say he relied on that evidence. He relied on that evidence, right. It sounds like you're nitpicking the opinion rather than the decision. Of course, we review decisions, not the evidence. Well, I mean, ultimately, I failed to see the distinction in both. I see that the arbitrator listened to some testimony. And even if all of this is true, let's say all of this is true. Your honors are right that all of this is true. The question is, why did the arbitrator only take that to be a 60-day suspension? Why did he say, in his opinion, all of this shows that for four years he shouldn't have gotten the back pay? The fact that he doesn't do that, that the only conclusion that he makes is the 60 days, is indicative that he should have gotten the back pay. And with that, I'd like to reserve the last five minutes. Thank you. Mr. Moore. May I please report? I think there's some confusion here with respect to what the arbitrator did. I think what needs to be understood is that these were three cases, three separate arbitration cases, that were consolidated into one single arbitration hearing. There was an arbitration following grievances regarding whether or not Mr. Oshawa should be indefinitely suspended, whether or not the agency took proper action with respect to the indefinite suspension. There was another arbitration case that involved the back pay challenge, the agency's denial of back pay. And finally, there was a third case that was going to arbitration that involved the agency's decision to suspend Mr. Oshawa for 60 days without pay. And one thing that has to be- Well, they were going to remove him, right? Correct. Back to 60 days by the arbitrator, right? That is correct. So they were seeking removal. Well, no, they were not. Chief Smitan, the chief of the Marfa Sector Border Patrol, had already decided to mitigate the penalty to 60 days. It was the agency's decision to mitigate that penalty. Let me ask you a question here. This individual has been acquitted. And through all processes of law, the individual is innocent. Under what circumstances do you think this court could reverse an agency's decision to deny back pay after the individual has proven himself or herself innocent? Well, first, with all due respect, he was not proven innocent. There's nothing saying he didn't do what he did. It's just all the verdict shows is the prosecution- He was not convicted. That's correct. Okay, excuse- I mean, it's playing with words here a little bit. Let's get back to the point. Under what circumstances, following a trial where he's not convicted, does an individual get back pay even though the agency denies it? You're saying after he's challenged the agency's decision or- Yes. This court, under what circumstances would you say that this court, following the Richardson standard, could say, you know, that's going too far? If the agency simply had a blanket policy whereby anyone, any of its employees, who were indicted, prosecuted for a criminal act, and ultimately acquitted of those criminal charges and then returned to duty following the termination of the indefinite suspension, if at that point the agency always said, no, there's no back pay? Well, an agency's never going to say, we always do this, are they? Well, the agency- They have to be unadvised by counsel, at least. I agree with that, Your Honor. But certainly agencies have attempted to follow the Jankowitz opinion. In that opinion, the agency was seeking to say, that's just the way we do things. We do not grant back pay. And we're using the Jankowitz decision to say we don't grant back pay in the event that the employee is returned to duty following the indefinite suspension. That's how we do it each and every time, and we believe that the Jankowitz decision supports that. That's the only instance in which this court can really question that discretion. I point that out only because that seems to be the most egregious situation. That's the most arbitrary and capricious situation. That's certainly what the court has to look to, as to whether or not the agency's actions were arbitrary and capricious or whether they unlawfully delayed or withheld the back pay. In this case, we don't have that situation. The agency looked at all the facts and circumstances involving Mr. Hopshaw, including it did have a policy, although it was not an arbitrary or blanket policy. The policy of Border Patrol at the time, and I believe still the policy, is that when an agent, a law enforcement agent, is charged with a criminal offense, tried for that criminal offense, and ultimately acquitted, the indefinite suspension is certainly lifted and the agent is returned to duty. But they look at those facts and circumstances and typically do not grant that. This is a law enforcement officer, not a law enforcement agent. They're held to higher standards. Border Patrol is a law enforcement agency that must secure the United States orders and expects its agents to follow the law, whether they're on duty or off duty. What was the basis for their decision? Was it the fact that it was an indictment or their independent judgment that the underlying actions had occurred? Well, the underlying actions led to an indictment, and that that indictment involved a violation of a wiretap statute. On top of that, the agency was also considering that they had already begun an administrative investigation of Mr. Upshaw to determine whether or not he had committed this misconduct, the very misconduct for which, at least in part, he had already been tried for. They were also investigating for other things at the time. In addition to the possible violation of the wiretap statute, one of those other sets of facts involved his possible attempts to influence a member of a grand jury that could possibly be impaneled to decide whether or not he should have been indicted back in 2002 for the very wiretap charges. Mr. Moses, in this case, the arbitrator considered the evidence relating to the underlying facts that gave rise to the indictment. But the proceeding, the criminal proceeding, took nearly four years to get resolved. Now, what would happen if the proceeding took six years or eight years? Because there was no determination here of the duration of the suspension, and isn't that arbitrary? I have to look back, Your Honor, at the record. I believe evidence was introduced during the arbitration hearing or in some way as part of the arbitration. Part of the reason that it took four years to prosecute Mr. Upshaw, this is my understanding, was, one, the indictments were removed and then reissued. That was one reason. It's the DA's office, of course. The other reason was that Mr. Upshaw himself went on active duty service at least, I believe twice, in the military for months at a time, thus taking him out of the country. I believe once was to Boston. Well, that speaks to the very point I'm trying to make. I mean, shouldn't these factors be taken into consideration? Because here he lost all of that pay for the entire period of time, and if those proceedings took longer, presumptively, he would have lost even more, whereas we're talking about the same conduct here. In this instance, I could see how that might be true, Your Honor, but in this instance and under these facts, I don't think the arbitrator should take those. That's a situation to account in Mr. Upshaw's favor, given that he's part of the delay caused by him going on active duty. The other reason is at no time did Mr. Upshaw file, did Mr. Upshaw's defense counsel file a motion that he was somehow being denied a speedy trial. Because he served our country in a different capacity. He should be penalized. Well, he chose to volunteer to go overseas when he was being prosecuted in Texas. Mr. Moses, Richardson says that the agency has discretion based on all the facts and circumstances. If this court were to determine that the agency didn't consider all the circumstances, could it send it back? I believe that if the court determined that the agency did not consider all the facts and circumstances, I suppose you could send it back for re-enactment. What if we felt that the agency didn't give proper weight to all the circumstances, including the equivalent? I'm not sure that these questions, obviously you'll correct me if I'm wrong, but I'm not sure that these questions are within the purview of this court. The arbitrator had already determined that the agency had weighed all the facts and circumstances, and I suppose the question would be whether or not the arbitrator somehow abused his discretion. But it seems to me a lot of what Mr. Upshaw has raised in his briefs and here at oral argument today is a retry. He's attacking what the agency did directly. Well, that's not the standard. The standard is to look at what the arbitrator decided. We've already tried what the agency did. And I'll point out one other point I want to make about what evidence was raised before the arbitrator, the arbitration hearing. Both sides, both the agency and Mr. Upshaw's counsel, before the arbitration hearing occurred, had decided that the issue of backhand was something that needed to be dealt with under the Richardson decision and could be dealt with merely by argument on brief. Neither side presented arguments at the arbitration hearing through testimony. This was sort of a battle between the agency and Mr. Upshaw on paper over whether or not the agency had discretion. Looking at documented evidence in the Richardson decision. So for Mr. Upshaw to now say, I didn't have a patent. The agency didn't present any evidence. Well, he didn't present any evidence either to show that the agency was acting in arbitrary and capricious fashion when it decided to deny backhand. It was an argument on briefs, and it was agreed to by both Mr. Upshaw and the agency counsel. So that's why there's somewhat of a lack of testimonial evidence regarding the backhand issue. The other thing I'd like to point out is that if you look at the joint appendix, page 253, there is a letter in there that relates to the grievance procedure regarding the challenge to the backhand decision. And in that letter, the chief of the border patrol at that time, Simon Garza, pointed out that the agency, looking at all the facts and circumstances in this case and applying the Richardson decision, was not required to pay Mr. Upshaw backhand. He knew, even before the completion of the administrative investigation of him with respect to the 60-day suspension, that the agency was investigating him, that he was under investigation for the very misconduct for which he had already been tried, at least in part tried, in state court. And now the agency is saying, you've requested backpay, and this is why we're denying your backpay. And we're doing it, looking at all the facts and circumstances. It's within our discretion and using Richardson's decision. The only other two matters that were raised in this case involved Article 32K, and I've briefed that somewhat extensively. The third issue was whether or not a nexus was established to even justify the indefinite suspension itself. The 60-day suspension is not being challenged on appeal, and neither is the 32G argument that was raised below before the arbitrator. The agency and DHS would ask that the court confirm Arbitrator Stone's decision on all grounds. Thank you. Thank you, Mr. Moses. Mr. Fisher has a couple of time. Your Honor, just one point I wanted to raise on this. The argument today by agency counsel is a little different than it says in the brief. It says in the brief on page 15, it says, In general policy, the Board of Patrol and the agency responsible for the enforcement of federal laws does not permit backpaying to an employee who is indefinitely suspended pending the disposition of criminal charges and subsequently reinstated following acquittal. The MSPB has deferred the Board of Patrol's policy regarding the denial of backpaying following acquittal. His argument in his brief is that this is a policy. Forget about Richardson. We have the policy. The policy here at our agency is no matter what, the person does not get back. This is exactly the result that Richardson is trying to prevent. The rest of this is just new stuff that should not be considered. The ultimate aim and the ultimate point of justice today is that the court cannot allow this policy to continue. Thank you. Thank you, Mr. Fisher. Case can be taken under revised.